IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
ELVIN JOHNSON,                    :
AIS #151292                       :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :       CIVIL ACTION 15-614-CG-M
                                  :
DR. TIMOTHY ILIFF,                :
                                  :
     Defendant.                   :
```

REPORT AND RECOMMENDATION

This § 1983 action, filed by Elvin Johnson, an Alabama prison inmate, proceeding *pro se,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72, and is now before the Court on Plaintiff's Complaint, (doc. 1), Defendant's Answer and Special Report (docs. 12, 13), which the Court has converted into a Motion for Summary Judgment (Doc. 14)[1].  After consideration of the pleadings and Motion and for the reasons set out below, it is recommended that Defendant's Motion for Summary Judgment be granted and that Plaintiff's action be dismissed with prejudice.

---

[1] Plaintiff did not file a response to Defendant's Motion for Summary Judgment, despite being given an opportunity to do so.

1

I.   Facts and Proceedings

In August, 2015, Plaintiff injured his ribcage during an altercation with another inmate.  (Doc. 1 at 3).  According to Plaintiff, the injury resulted in "a dent" in his side and caused severe pain and agony.  *Id.*  Following the incident, Plaintiff was seen by Defendant, Dr. Timothy Iliff, who x-rayed Plaintiff's ribs, determined there were no broken bones, and then prescribed Plaintiff pain medication.  (*Id.*)  Plaintiff contends that after prescribing medication, Defendant withdrew from treating Plaintiff and that Plaintiff's medical grievances went unanswered in violation of his Eighth Amendment rights.  (*Id.* at 3-4).

According to Defendant, on June 26, 2015[2], Plaintiff presented to health care unit of the Fountain Correctional Facility and was screened by a nurse to whom Plaintiff indicated that he had bumped the left side of his chest on his bed during an altercation.  (Doc. 13-1 at 6-10, 39).  Upon exam, Plaintiff was found to have abrasions on his knees, right heel, and redness under his left eye.  (*Id.*)  X-rays of Plaintiff's ribs showed no evidence of a rib

---

[2] According to Plaintiff, his altercation and subsequent rib injury occurred on or about August 26, 2015.  However, the medical records submitted by Defendant supports that the incident and complained of injury actually occurred on June 26, 2015.  Nonetheless, the disputed date has no effect on this Court's analysis as this disputed fact is not material.

fracture.  (Doc. 13-1 at 9).  Plaintiff was given Motrin and released.  (Doc. 13-1 at 12).

On June 28, 2015, Plaintiff submitted a sick call slip that stated "I have broken ribs!!! Or broken rib cage". (Doc. 13-1 at 13).  As a result, Plaintiff was seen by a nurse at which time he was instructed to continue his medication.  (Doc. 13-1 at 14-15).  Then, on June 30, 2015, Plaintiff was prescribed Naproxen for his continued rib pain. (Doc. 13-1 at 16).

On July 4, 2015, Plaintiff submitted a second sick call for rib pain that stated "my rib cage is broke and damage". (Doc. 13-1 at 17).  Plaintiff was seen by a nurse the next day. (Doc. 13-1 at 18-19).  Plaintiff was additionally seen by the nurse on July 7, 2015, for tightness near his stomach for which Plaintiff was given Tylenol. (Doc. 13-1 at 20-21).  Plaintiff was again seen by the nurse practitioner on July 16, 2015, for continued rib pain. (Doc. 13-1 at 39).  On that date, no deformities were noted and Plaintiff was educated on the healing process for his injury.  *Id.*

On October 18, 2015, Plaintiff was seen in the medical unit for nausea and vomiting and on November 13, 2015, Plaintiff was seen for a cough and congestion for the past two weeks. (Doc. 13-1 at 23-24).  During the second visit,

3

it was noted that Plaintiff had left chest wall pain off and on from a fall against a bed rail. (*Id.*) Plaintiff was treated for bronchitis which included a chest x-ray being ordered, but, again, no abnormalities were identified with regard to Plaintiff's ribs. (Doc. 13-1 at 23-25).

Plaintiff was seen in the medical unit on November 24, 2015, for continued rib pain and was scheduled for an appointment on December 4, 2015. (Doc. 13-1 at 27-28). On December 9, 2015, Plaintiff was seen in the health care unit for vomiting after admitting to smoking synthetic marijuana. (Doc. 13-1 at 30-31, 37). Plaintiff was seen again on December 15, 2015, by a nurse practitioner who noted Plaintiff had mild left chest wall pain for which Plaintiff was instructed to quit smoking and given Naproxen. (Doc. 13-1 at 36). Plaintiff's last sick call slip was submitted on December 21, 2015, when Plaintiff again complained of rib pain. (Doc. 13-1 at 33). On that visit, it was noted that Plaintiff was not taking his prescribed medication.

Plaintiff has now brought this action against Dr. Iliff asserting his Eighth Amendment rights were violated. For damages, Plaintiff requests that Defendants "award 100,000 (one hundred thousand) in compensatory damages, 100,000

4

(one hundred thousand) in punitive damages and injunctive relief. (Doc. 1 at 6).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure grant this Court authority under Rule 56 to render "judgment as a matter of law" to the party who moves for summary judgment. FED.R.CIV.P. 56(a). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the evidence produced by "the nonmoving party, and all factual inferences arising from it, in the light most favorable to" that party. *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989). However, Rule 56(e) states that:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

FED.R.CIV.P. 56(e).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations omitted).  "Summary judgment is mandated where a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007).

Also, it is well settled that a conclusion cannot be taken as true, and the Court will not accept conclusory allegations as facts in consideration of a motion for summary judgment.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009); *see also Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000)("[t]his court has consistently held that conclusory allegations without specific supporting facts have no probative value"); *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984)(a plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment).

6

<u>42 U.S.C. § 1983 and the Eighth Amendment</u>

Plaintiff's Complaint asserts that Defendant acted with deliberate indifference to his serious medical need. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights … secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (1994). Additionally, the Eighth Amendment provides that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment's proscription against cruel and unusual punishment prohibits prison officials from exhibiting deliberate indifference to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

The Supreme Court summarized a state's constitutional responsibilities with regard to inmates as follows:

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being . . . . The rationale

7

> for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – *e.g.*, food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989)(citations omitted).

In order to prevail on his Eighth Amendment claims, Plaintiff must prove three elements: "(1) a condition of confinement that inflicted unnecessary pain or suffering, *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (citations omitted), (2) the defendant's 'deliberate indifference' to that condition, *Wilson v. Seiter*, 501 U.S. 294 (1991) (citations omitted), and (3) causation, *Williams v. Bennett*, 689 F.2d 1370 (11th Cir. 1982) (citations omitted.)." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993).

In *Sims v. Mashburn*, 25 F.3d 980, 983 (11th Cir. 1994), the court described the first two elements as follows:

> An Eighth Amendment claim is said to have two components, an objective component, which inquires whether the alleged wrongdoing was objectively harmful enough to establish a

>
> constitutional violation, and a subjective component, which inquires whether the officials acted with a sufficiently culpable state of mind.

A prison official's duty under the Eighth Amendment is to ensure "reasonable safety," a "standard that incorporates due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" *Farmer*, 511 U.S. at 844-45 (citations omitted). "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.*

## DISCUSSION

To prevail on a claim for inadequate medical care, an inmate must show that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97 (1976).

In order for Plaintiff to meet his burden on the objective component of the Eighth Amendment claims, Plaintiff must demonstrate that an "objectively serious medical need" exists. *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

9

would easily recognize the necessity for a doctor's attention." *Id.* (*citing Hill v. DeKalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir. 1994) overruled on other grounds in *Marsh v. Butler Cnty., Ala.,* 268 F.3d 1014, 1031 n. 8 (11th Cir. 2001)(quotation marks omitted)). "In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id.* (citations and quotation marks omitted).

In order to meet the subjective requirement of an Eighth Amendment denial of medical care claim, Plaintiff must demonstrate "deliberate indifference" to a serious medical need. *Farrow,* 320 F.3d at 1243. "Deliberate indifference entails more than mere negligence. *Estelle,* 429 U.S. at 106; *Farmer v. Brennan,* 511 U.S. 825, 835 (1994). The Supreme Court held that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official *knows of* and *disregards an excessive risk to inmate health or safety;* the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S., 825, 837-38 (emphasis added). However, "an official's failure to alleviate a significant risk that he should have

10

perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.  Therefore, "under *Estelle* and *Farmer,* deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow,* 320 F.3d 1235, 1246 (*citing McElligot,* 182 F.3d 1248, 1255)(stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

In the present action, Plaintiff complained of an injury to his ribcage following an altercation with another inmate.  He was seen by a nurse the same day his alleged injury occurred and his medical records show that Plaintiff was examined physically, his vital signs were checked, and x-rays were taken of his ribs, none of which indicated that Plaintiff was suffering a serious injury.  (Doc. 13-1 at 6-10).  Plaintiff's x-rays confirmed that he did not have any broken ribs, he was given Motrin for pain, and released. (Doc. 13-1 at 6-10, 12).  Further, Plaintiff's extensive follow up medical records detail Plaintiff's treatment by the medical staff and confirm that from the time of his alleged injury, Plaintiff was seen an additional ten times,

11

each time receiving treatment for his complaints which included physical exams, follow up x-rays and the prescription of medication.  Moreover, according to the medical records, at no time was Plaintiff found to have a serious medical need requiring more extensive treatment than what was rendered by the medical professionals. Plaintiff's records, likewise, fail to show any signs of an undiagnosed serious injury such as major abrasions, bleeding, bruising, etc., which would have warranted an obvious need for additional care.  Based on the medical records describing Plaintiff's injury, this Court does not find that Plaintiff's injury was an objectively serious medical need.

Nevertheless, even if a serious medical need existed, Plaintiff has not shown that Defendant was deliberately indifferent to it.  To the contrary, it is undisputed that Plaintiff was seen the same day his alleged injury occurred and at that time, Plaintiff was examined, treated, and released.  It is additionally undisputed that Plaintiff was seen again on ten occasions after his injury for follow up care by the medical professionals in the medical unit, and there is no evidence to support that Plaintiff's complaints were ignored.  In fact, a plain reading of Plaintiff's complaints only suggests that he does not agree with the

course of treatment he received, which does not result in any constitutional violation as it is well established that a difference in opinion, or a disagreement between an inmate and prison officials as to what medical care is appropriate for his particular condition does not state a claim for deliberate indifference to medical needs. *See Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); accord *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)(disavowing any attempts to second-guess the propriety or adequacy of a particular course of treatment, as this, along with all other aspects of health care, remains a question of sound professional judgment). As a result, Plaintiff has failed to show that he suffered a serious medical need to which Dr. Iliff was indifferent.

## Conclusion

There is no question of material fact from which a jury could reasonably find that Plaintiff was subjected to a substantial risk of serious harm, of which Defendant was subjectively aware and deliberately indifferent, or that Defendant's conduct caused the deprivation of Plaintiff's constitutional rights.  As a result, it is recommended that Defendant's Motion for Summary Judgment be granted and this action be dismissed with prejudice.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c)(2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

14

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 17th day of May, 2016.

s/ BERT W. MILLING, JR
UNITED STATES MAGISTRATE JUDGE